Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Civil Division

United States Courts
Southern District of Texas
**FILED**

*12/19/2024*

Nathan Ochsner, Clerk of Court

Heloisa Jager

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

U.S. Department of Transportation / Federal Aviation Administration / Minority Serving Institute Program

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.      The Parties to This Complaint**

    **A.      The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Heloisa Jager |
| Street Address | PO BOX 57164 |
| City and County | Webster - Harris County |
| State and Zip Code | TEXAS, 77598 |
| Telephone Number | (832)304-0395 |
| E-mail Address | h.jager63@gmail.com |

    **B.      The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: U.S. Department of Transportation, Federal Aviation Administration
- Job or Title *(if known)*:
- Street Address: 600 Independence Ave SW
- City and County: Washington
- State and Zip Code: DC 20591
- Telephone Number: (202) 702-6865
- E-mail Address *(if known)*: Maria.Surdokas@faa.gov

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Federal Aviation Administration / APP-520 AIP - Washington, DC |
| Street Address | Telework from Home |
| City and County | Webster, Harris County |
| State and Zip Code | TX 77598 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[✓] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [✓] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [✓] Retaliation.
- [✓] Other acts *(specify)*: fraudulent inducement, negligent misrepresentation, false statements

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

Pre- and post hire between

C. I believe that defendant(s) *(check one)*:

- [✓] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race
- [ ] color
- [✓] gender/sex
- [ ] religion
- [✓] national origin
- [✓] age *(year of birth)*   1963   *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Separate 2-Pages Attachement

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
Filed with EEOC on 03/20/2023

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)* _____.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Separate 2-Pages Attachement

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-16-2024

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: HELOISA JAGER

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Heloisa Jager -v- U.S. Department of Transportation / Federal Aviation Administration (FAA) / Minority Serving Institute Program (MSI)

## UNITED STATES DISTRICT COURT

For the Southern District of Texas

Civil Division

Heloisa Jager -v- U.S. Department of Transportation / Federal Aviation Administration (FAA) / Minority Serving Institute Program (MSI)

**Case No.**

**III. Statement of Claim / E. The facts of the case are as follows. As an attachment to the complaint.**

This attachment to the complaint for employment discrimination outlines the claims brought forth by the Complainant against their employer regarding incidents of workplace misconduct by management and coworkers, retaliation, age discrimination, and wrongful termination, as follows:

1. **Sexual Harassment**: Between July 13 and July 19, 2022, a management official, who served as the Complainant's initial assigned supervisor and an executive department manager, made sexually harassing comments to the Complainant.

2. **Retaliation and Administrative Leave**: On July 21, 2022, the Complainant was immediately placed on two days of administrative leave after reporting the sexually harassing comments. Additionally, three hours of administrative leave were inexplicably charged to the Complainant's paystub for a period that predated the incident. The supervisor, who had full control of the Complainant's Castle Account to manage attendance, leave, and tasks, has not provided any explanation or information regarding the administrative leave charge.

3. **Telework Agreement Denial:** In August and September 2022, management did not approve the Complainant's 30-day telework agreement. Specifically, the manager consecutively refused to sign the mandatory telework agreements and intentionally allowed both agreements to remain inactive until they expired and were subsequently deleted from the system. The Telework Enhancement Act requires that every telework participant have a written agreement, whether telework is regular and recurring or situational. This agreement, which must be entered into between an agency manager and an employee authorized to telework, outlines the specific work arrangement and is mandatory for any employee to participate in telework (5 U.S.C. 6502(b)(2)).

4. **Offboarding Communication and Healthcare Payment Intimidation:** On or about September 19, 2022, the Complainant's manager forwarded an email to the Complainant containing a form linked to an online offboarding procedure. On the same day, the Complainant was contacted by the Department of the Interior regarding a payroll error that resulted in a missing portion of the Complainant's healthcare benefits contribution. The Complainant was harshly advised to repay the missing amount immediately or face potential imprisonment and allegations of misconduct or healthcare fraud. This communication was intimidating, and the payroll department denied any wrongdoing, stating that

Heloisa Jager -v- U.S. Department of Transportation / Federal Aviation Administration (FAA) / Minority Serving Institute Program (MSI)

initiating immediate collections was standard procedure for the Department of the Interior. Payroll did not take responsibility for the error, and these events appear to be linked to the internship program manager, Ms. Price, as part of her strategy to separate the Complainant, which was heavily charged by age-based bias.

5. **Timecard Alteration and AWOL Charge**: On or about October 14, 2022, management amended the Complainant's timecard to reflect 40 hours as absence without leave (AWOL). This charge was unsupported by any evidence of wrongdoing and relied solely on false allegations by managers claiming the Complainant had not reported hours worked. In reality, the managers controlled the assignment of hours, and no predetermined work schedules were established for interns, rendering these allegations baseless.

6. **Termination from Service:** On or about October 21, 2022, management terminated the Complainant from federal service. The allegations in the separation memo substantially differ from those in the official SF-50 Notification of Personnel Action. These documents and their discrepancies are derogatory, have been included in the Complainant's Personnel Folder, and are accessible to potential employers' inquiries, serving as deterrents to future employment opportunities.

7. **Pretextual Actions and Discrimination**: The adverse actions taken against the Complainant were pretextual and rooted in age discrimination. Among all the interns in the program, the Complainant was the only one subjected to these adverse actions, while younger interns were not similarly charged. The subsequent Report of Investigation (ROI Part 2, Pg. 199/453) revealed and documented that the internship program manager, Ms. Price, had emailed her managers, calling for "potential strategies to separate" the Complainant (ROI Part 2, Pg. 199/453). Ms. Price played a pivotal role in these adverse actions, which grossly violated the Complainant's rights, procedural guidelines, and the employer's anti-discrimination and zero-tolerance policies. Ms. Price subsequently completed the Accountability Board Training for FAA Managers Course (30202708) on November 30, 2022, at 7:44 AM (ROI Part 2, Pg. 3/453)—three days after the Accountability Board was notified by the DOT EEO Counselor (ROI Part 1, Pg. 80/516) and on the same day the EEO Counselor's report was issued (ROI Part 1, Pg. 76/516). The timing of this training strongly suggests it was more an act of damage control than a genuine corrective measure.

8. **Discriminatory Jargon in Affidavits**: Affidavits submitted by managers strongly suggest discriminatory language regarding the Complainant's age. Terms such as "grandma" and "non-traditional student" were used in a derogatory manner. Additionally, the internship program manager, Ms. Price, explicitly remarked that the Complainant's "social cues were a little bit off," (ROI Part 1, Pg. 447/516) further suggesting age-based bias. Ms. Price serves as the internship program manager for the Minority Serving Institute (MSI) internship program, a pathway initiative primarily funded through congressional appropriations.

These facts collectively form the basis of the Complainant's claim, which reports workplace discrimination, retaliation, wrongful termination, and egregious, deliberately malicious breaches of anti-discrimination policies and the terms of the employment contract.

Heloisa Jager -v- U.S. Department of Transportation / Federal Aviation Administration (FAA) / Minority Serving Institute Program (MSI)

## UNITED STATES DISTRICT COURT

For the Southern District of Texas

Civil Division

Heloisa Jager -v- U.S. Department of Transportation / Federal Aviation Administration (FAA) / Minority Serving Institute Program (MSI)

**Case No.**

### V. Relief - As an attachment to the complaint.

This attachment to the complaint for employment discrimination outlines the Claimant's request for relief. The Claimant respectfully requests that this Court find that the Defendant violated the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. The Claimant demands the following relief:

1. **Monetary Relief**:

- **Total Requested Amount** : Approximately **$778,466.42** (Seven hundred seventy-eight thousand, four hundred sixty-six dollars and forty-two cents). Further calculations may be necessary to update this figure upon the completion of this complaint.

- **Back Pay** : $75,038.42 (Seventy-five thousand and thirty-eight dollars and forty-two cents). Compensation for lost wages from the date of termination, October 21, 2022, to the present date of December 14, 2024, including interest and deductions for outside earnings. The official calculation is provided by the Office of Personnel Management (OPM.gov).

- **Front Pay** : $103,428.00 (One hundred three thousand, four hundred twenty-eight dollars). Compensation for future lost wages and benefits, covering three years of public service due to the infeasibility of reinstatement. This calculation considers that the Minority Serving Institute publicly states on its website: "Upon successful completion of the program, interns may be non-competitively converted to a full-time position."

- **Compensatory Damages** : $300,000.00 (Three hundred thousand dollars). Compensation for emotional distress, mental anguish, suffering, and other non-economic harms caused by the Defendant's unlawful actions.

- **Punitive Damages** : $300,000.00 (Three hundred thousand dollars). Compensation for the Defendant's particularly egregious, deliberate, and malicious actions, which forcefully separated the Complainant from employment. These actions caused significant economic damage, reputational harm, and rendered the Complainant unemployable. As of the present, the Complainant is homeless and indigent, unable to recover fully from these losses or return to a normal life in the foreseeable future without considerable monetary relief.

Heloisa Jager -v- U.S. Department of Transportation / Federal Aviation Administration (FAA) / Minority Serving Institute Program (MSI)

2. **Non-Monetary Relief** :

- **Expungement of Records** : Complete removal of any and all derogatory records, including the charged 40 hours AWOL and three (03) days administrative leave (predated), and any associated remarks available to potential employers in the Complainant's files.

- **Revised Job References** : The Defendant must provide only basic employment information (dates of employment and position) in response to job reference inquiries. Additionally, the Defendant should implement a policy stating that the potential employee is eligible for rehire.

3. **Tax and Withholding Considerations** :

- **Back Pay** : Required withholdings for taxes and Social Security contributions should be made, but it should be clearly stated that the amount is exclusive of the Defendant's share of Social Security and Medicare contributions.

- **Taxable Awards** : Other forms of relief are taxable but should not have withholdings.

- **IRS Documentation** : The Defendant must issue:

- An **IRS W-2** form for all back pay and front pay awards paid to the Complainant.

- An **IRS 1099** form for interest and taxable damages awards.

These demands collectively form the basis for the Complainant's requested relief, grounded in reports of workplace discrimination, retaliation, wrongful termination, and egregious breaches of anti-discrimination policies and the terms of the employment contract.

This request for relief is intended to make the Complainant whole, as required under the law, and is reasonable when compared to other interns in the same program who are considerably younger and have not experienced any of the adverse actions suffered by the Complainant.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

131 M Street, N. E., Suite 4NW02F
Washington, D. C. 20507
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Washington Direct Dial: (202) 921-3271
FAX (202) 827-2349
Website: www.eeoc.gov

| | |
|---|---|
| Heloisa Jager,<br>    Complainant,<br><br>        v.<br><br>Pete Buttigieg, Secretary,<br>U.S. Department of Transporation,<br>    Agency. | EEOC No. 570-2023-00619X<br>Agency No. DOT/2022-29712-FAA-0<br><br><br>Date: October 2, 2024 |

## ORDER OF DISMISSAL

On October 2, 2024, Complainant emailed the attached Request for Withdrawal, seeking to withdraw her complaint. Complainant's request is hereby **GRANTED** and the above-captioned complaint is **DISMISSED**.

It is so **ORDERED**.

For the Commission:

Christian A. Hall (she/her)
Administrative Judge
Telephone: (202) 921-3271
Christian.Hall@eeoc.gov

**CERTIFICATE OF SERVICE**
*Via service by email and through the Public Portal and FedSep to:*

**Complainant**
Heloisa Jager, h.jager63@gmail.com

**Agency Contact**
Maria Surdokas, maria.surdokas@faa.gov

1