UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| HELOISA JAGER,<br>*Plaintiff,*<br>v.<br>U.S. DEPARTMENT OF TRANSPORTATION,<br>FEDERAL AVIATION ADMINISTRATION,<br>*Defendants.* | § § § § § § § § § |

CIVIL NO.: 4-24-cv-05099

## DECLARATION OF PLAINTIFF HELOISA JAGER REGARDING PREJUDICE AND IRREPARABLE HARM RESULTING FROM RESET OF INITIAL CONFERENCE

To the Honorable Magistrate Judge Yvonne Y. Ho:

Pursuant to 28 U.S.C. § 1746, I, Heloisa Jager, declare under penalty of perjury that the following is true and correct:

1. I am the pro se Plaintiff in the above-captioned case. I submit this declaration in response to the Court's Order Granting the Defendant's Motion to Reset the Initial Conference (Doc. 22), which continued the hearing to July 3, 2025.

2. I oppose this extension not out of procedural disagreement but due to the severe, ongoing, and cumulative harm such delays cause me and my dependent animals. I am indigent, homeless, and have been living from my car since November 1, 2023.

3. On the date of the Court's order (May 29, 2025), I drove approximately **70 miles** to earn **$65.58** through app-based deliveries, using a vehicle I am working very hard to keep. Earlier that morning, **my OnStar car protection service bill bounced** in my bank account

due to ISF (Insufficient Funds). This puts my only means of transportation—and safe shelter—at greater risk.

4. I have spent the past several days in the public library attempting to meet filing deadlines and complete my Motion for Summary Judgment (MSJ), which remains in progress. These efforts consume valuable hours of my independent contractor hours which are uninsured for losses. I am working and earning a small living as an independent courier without substitutes or any external support.

5. I care for **multiple cats** who have been with me since kittenhood and are now 2.5 to 3 years old. On May 28, 2025, I accepted **donated dry cat food** after being left with only **$20**, unable to afford the $36 needed for a bulk bag of dry cat food that lasts 5–6 days. Even their **minimal nutritional needs** are jeopardized by a procedural delay.

6. My cats are currently being sheltered near a commercial warehouse area where, last night, a neighborhood **pitbull attacked them and stole their food** while I was feeding my other cats behind a nearby warehouse. I was only able to de-escalate the situation through calm handling of all animals. The dog was hungry. Its owners are a junk car yard, mobile mechanics family, apparently living onsite, whose (3) dogs are neglected and often roaming free. The incident nearly led to a **violent confrontation** between the pitbull dog and my cats.

7. It was **2:00 a.m.** before I could go to my usual place to park and rest in my car. I rose again at **4:00 a.m.** to resume feeding of my animals, survival routines and legal work. I am chronically underweight, sleep-deprived, and under physical and emotional duress. My cats are visibly underweight. Our days in the past three years are under several threats and adversities—from weather, unstable humans, predators, and exhaustion.

8. While it may appear that a procedural extension would offer me more time to complete filings, the reality is that every day of delay in this case results in irreversible harm to my physical safety, financial stability, and capacity to litigate at all. **Time does not afford me relief—it imposes increasing survival costs**. Unlike institutional defendants, my legal work is accomplished under chronic conditions of homelessness, physical danger, exhaustion, and deep economic deprivation. **Each extension benefits only the side with a safety net**. These conditions are not hypothetical. They are immediate, daily, and worsening.

9. Contrary to the Court's conclusion that the delay will not cause "appreciable prejudice," each day of postponed action is a day of **material, irreparable harm** to my well-being, legal posture, and chance to hold the Defendant accountable. My time, energy, safety, and capacity to advocate for myself are limited.

10. I am not represented. I am indigent. I am opposing a government legal team with multiple staff. And I must split my days between caring for myself, protecting and caring for my animals, maintaining a needed work and commuter vehicle, and writing legal arguments in between the hours.

11. The law may not require courts to feel, but it must compel them to see. I respectfully request that this declaration be added to the record so that the Court may fully assess the human impact of its procedural decisions.

Executed this 29th day of May 2025, in Webster, Texas.

Heloisa Jager
Pro Se Plaintiff
P.O. Box 57164
Webster, TX 77598