United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELOISA JAGER, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:24-cv-05099 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| UNITED STATES | § | |
| DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| FEDERAL AVIATION | § | |
| ADMINISTRATION, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Heloisa Jager proceeds here *pro se*. She sued the Federal Aviation Administration for employment discrimination. Dkt 1 at 3. She brings claims for, among other things, sexual harassment and retaliation. Id at 7. The FAA moved to dismiss sexual harassment and retaliation claims premised on conduct in July 2022 due to Plaintiff's failure to timely exhaust administrative remedies. Dkt 25. Plaintiff gave notice of her intent to respond to such but hasn't responded. See Dkt 27 at 1–2.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 5. She issued a Memorandum and Recommendation recommending that the motion by the FAA for partial dismissal be granted and the relevant claims be dismissed. Dkt 31 at 8.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir

1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 32. She contends the Memorandum incorrectly concluded that Plaintiff failed to timely oppose the FAA's motion. Id at 1–2. And she further claims that she timely exhausted administrative remedies. Id at 2.

On *de novo* review and determination, Plaintiff's objections lack merit. The FAA filed its motion for partial dismissal on June 16, 2025. Dkt 25. Plaintiff's response was thus due by July 7th, with failure to do so meriting dismissal under Local Rule 7.4. She never filed a response. And even if the undersigned were to construe her notice of intent to respond as a timely response, that notice in no way discloses the grounds for her opposition to the motion. See Dkt 27 at 1–2. Dismissal is thus warranted under Local Rule 7.4.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Heloisa Jager to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 32.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 31.

The motion by Defendant United States Department of Transportation, Federal Aviation Administration for partial dismissal is GRANTED. Dkt 25.

Defendant's claims premised on harassment and retaliation in July 2022 are DISMISSED for lack of timely exhaustion.

For avoidance of doubt, this Order doesn't affect Plaintiff's remaining claims challenging post-July 2022 conduct.

SO ORDERED.

Signed on  January 22, 2026 , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge