United States District Court
Southern District of Texas
**ENTERED**
March 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Heloisa Jager, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Action No. 4:24-cv-05099 |
| U.S. Department of Transportation, Federal Aviation Administration, | § § § | |
| *Defendant*. | § § | |

## ORDER DENYING LEAVE TO AMEND

On December 11, 2025, Plaintiff Heloisa Jager filed a motion for leave to file a first amended complaint, Dkt. 53, which Defendant U.S. Department of Transportation, Federal Aviation Administration ("FAA") opposed, Dkt. 55. For the reasons below, the motion is denied.

Jager unilaterally filed an amended complaint on November 26, 2025. Dkt. 48. This Court struck that pleading because it was filed without leave of court. Dkt. 52. In its order, the Court instructed Jager to confer with the FAA before moving for leave to amend her pleading and warned that her motion must both "compl[y] with all procedural requirements" and "demonstrate[] good cause for submitting it—including why an amendment would not be futile." Dkt. 52 at 2. Jager then filed her pending motion for leave to amend

on December 11, 2025. Dkt. 53. But her motion does not satisfy the specified requirements.

In her motion for leave, Jager argues that she is entitled to amend as a matter of right and, alternatively, that leave should be freely given because her motion is timely. *See* Dkt. 53 at 1-2. As an initial matter, the motion does not include the required certificate of conference. *See* Judge Ho's Procedures § 5(d)(5)(i). This deficiency would merit striking it, *see id.* § § 5(d)(5)(iv), especially because the Court explicitly warned Jager that she needed to confer, *see* Dkt. 52 at 2.

Jager's motion is also flawed in substance. First, she incorrectly asserts that she is entitled to amendment as a matter of right. *See* Dkt. 53 at 2. That would only be true if she were amending her complaint within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Yet Jager's motion comes *months* after the FAA filed a motion under Rule 12(b)(6) to dismiss some of her claims. Dkt. 25 (filed June 16, 2025). Contrary to Jager's assertions, Dkt. 53 at 2, a motion for partial dismissal triggers the 21-day deadline for amending a pleading as a matter of right. *See Kinder Morgan, Inc. v. U.S. Dep't of Labor*, 2025 WL 3764078, at *1 (S.D. Tex. Dec. 18, 2025) (finding Rule 15(a)(1)(B) inapplicable because amendment was sought more than 21 days after a motion for partial dismissal was filed).

Second, Jager also mistakenly contends that leave should be freely given under Fed. R. Civ. P. 15(a)(2).  *See* Dkt. 53 at 1.  That standard does not apply because the deadline for seeking leave to amend expired 15 days before leave was sought.  *See* Dkt. 43 (November 26, 2025 deadline); Dkt. 53 (filed December 11, 2025); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala. NA*, 315 F.3d 533, 535 (5th Cir. 2003) (agreeing that Rule 15(a) does not apply to amendments sought after the "deadline set by a scheduling order").  Rather, Jager cannot obtain leave to amend unless she first satisfies Rule 16(b) and its good cause standard.  *See S&W Enters. L.L.C.*, 315 F.3d at 536 ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

Jager fails to show good cause for leave to amend.  "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535 (quotation omitted).  Several factors are relevant: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  Only upon showing good cause does Rule 15(a)'s more liberal standard for amendments apply.  *See id.*

Jager's sole justification for failing to timely move for leave to amend concerns the Court's resetting of the initial pretrial conference (Dkts. 22, 26), alleging that it created "genuine procedural ambiguity …." Dkt. 53 at 6. But Jager appeared at the conference. And she claims that she relied on the November 26, 2025 deadline provided in the Court's subsequent scheduling order (Dkt. 43) when filing her now-stricken first amended complaint (Dkt. 48). But that deadline sets a cut-off date for filing "*Motions* for Leave to Amend Pleadings," Dkt. 43 at 1 (emphasis added)—not for filing the amended pleading itself. Jager has not adequately justified her delay.

More critically, though, the amendment is not important because it is futile. Under the Rule 16(b) standard, an amendment is unimportant if it would not state a plausible claim. *See Prevost v. City of Houston*, 2024 WL 5414809, at *1 (S.D. Tex. Aug. 16, 2024) (denying leave to amend where the amendment is "not important and, instead, is futile" because the proposed claim was barred); *Smith v. Comal Indep. Sch. Dist.*, 2024 WL 4014947, at *5 (W.D. Tex. Aug. 6, 2024) (rejecting leave to amend under Rule 16(b)(4) when proposed amendment "failed to state a plausible claim"), *adopted by* 2024 WL 4014219 (W.D. Tex. Aug. 30, 2024). Indeed, even under the more liberal Rule 15(a) standard, courts have discretion to "deny[ ] leave to amend where the proposed amendment would be futile," i.e., where the proposed claims "could

4

not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Jager's proposed amended pleading (Dkt. 53-1) attempts to revive the same claims that this Court has already dismissed as legally barred. *See* Dkt. 31 (Memorandum and Recommendation ("M&R") to dismiss all "claims premised on harassment and retaliation in July 2022"); Dkt. 56 (order adopting M&R); Dkt. 53 at 5 ("Plaintiff's amendment [] asserts the same six ... claims"). And before issuing its ruling, this Court considered and rejected Jager's arguments against dismissal, concluding that her objections to the undersigned's M&R "lack merit." Dkt. 56. There is no adequate basis to reconsider that decision. And allowing Jager to reassert the same claims would prejudice the Defendant and waste this Court's resources by revisiting issues that were conclusively resolved. Leave to amend is therefore denied for lack of good cause.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Heloisa Jager's motion for leave to amend her complaint (Dkt. 53) is **DENIED**.

Signed on March 6, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

5